## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FERDOUSHI HOSSAIN<br>                    Plaintiff,<br><br>    v.<br><br>SAM'S EAST, INC., ABC PROPERTY<br>OWNER, DEF PROPERTY<br>MANAGER, JOHN DOE, MARY DOE,<br>ABC PARTNERSHIPS AND XYZ<br>CORPORATIONS<br>                    Defendants. | CIVIL ACTION<br><br>NO.<br><br>JURY TRIAL DEMANDED |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Defendant, Sam's East, Inc., (hereinafter referred to as "Sam's Club"), hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. ATL-L-002526-22, where it is now pending, to the United States District Court for the District of New Jersey, and avers in support thereof as follows:

1.      Plaintiff, Ferdoushi Hossain (hereinafter "Plaintiff"), initiated this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. ATL-L-002526-22, on or about September 14, 2022. *See* a copy of Plaintiff's Complaint attached hereto as Exhibit "A."

2.      Plaintiff alleges that on or about January 14, 2022, she was injured due to a condition in the parking lot of Sam's Club #8144 in Pleasantville, New Jersey. *See* Exhibit "A," ¶¶ 1-3.

3.      Plaintiff filed a Summons indicating that she served the Complaint on September 22, 2022. *See* a copy of Plaintiff's Summons attached hereto as Exhibit "B."

4.     The State Court wherein this action was originally filed is located in Atlantic County, New Jersey, which is embraced within this jurisdictional district.

5.     Removal from the Superior Court of New Jersey, Law Division, Atlantic County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

6.     This Court has original jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth below.

**A.     There Is Complete Diversity of Citizenship Amongst the Parties**

7.     Plaintiff alleges that she resides in Atlantic County, New Jersey. *See* Exhibit "A," opening paragraph.

8.     Before filing suit, Plaintiff sent medical records to Sam's Club's claims adjuster that identified a residential address in Galloway Township, New Jersey.

9.     Upon a search of public voter registration records, Sam's Club confirmed that Plaintiff is actively registered to vote in Galloway Township, New Jersey. *See* a printout of from the New Jersey voter registration website, with personal identifiers redacted, attached hereto at Exhibit "C."

10.     Therefore, Plaintiff is a citizen of the State of New Jersey.

11.     Defendant Sam's East, Inc. is an Arkansas corporation with its principal place of business located in Bentonville, Arkansas.

12.     Therefore, Sam's East, Inc. is a citizen of the State of Arkansas and wholly diverse from Plaintiff.

13.    The "ABC property owners" and fictitious entities named as Defendants have no citizenship for purposes of diversity. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Brooks v. Purcell*, 57 Fed. Appx. 47, 50 (3d Cir. 2002) ("there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants . . .").

14.    Accordingly, the parties are completely diverse.

   **B.    This Matter Is Properly Removable Since The Amount In Controversy Exceeds the Jurisdictional Limit of $75,000.**

15.    The Complaint alleges that Plaintiff sustained:

> "…...injuries requiring medical treatment, was caused pain and suffering, was prevented from pursuing usual activities, and has permanent disabilities that will affect plaintiff."

*See* Exhibit "A," at ¶ 3 (emphasis added).

16.    In addition to compensatory damages, Plaintiff also seeks punitive damages. *Id.* at *ad damnum* clause.

17.    The allegation of permanent disability within the Complaint, coupled with a specific claim for punitive damages, are sufficiently severe to warrant removal based on the initial pleading. *Weiderspahn v. Wing Enters., No. 09-2441 (JEI /AMD)*, 2009 U.S. Dist. LEXIS 58869, 12 (D.N.J. July 10, 2009).

18.    In addition to the allegation within the Complaint, other papers that were provided to Sam's Club pre-suit further supports that the amount in controversy exceeds the jurisdictional limit of $75,000.

19.    When a case is not removable based on the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a

copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). See also § 1446(c)(3)(A).

20.     Plaintiff forwarded a settlement demand package to Sam's Club's claims adjuster, Walmart Claim Services, pre-suit on August 10, 2022. The cover letter and attached medical specials revealed that Plaintiff alleges two leg fractures related to this event, as well as a shoulder injury.[1]

16.     Plaintiff demanded $185,000 in Resolution of her claims.

17.     On October 14, 2022, Plaintiff produced a Statement of Damages confirming that her demand remains at $185,000. *See* a true and correct copy of Plaintiff's Statement of Damages attached hereto as Exhibit "D."

18.     A written settlement demand or Statement of Damages above $75,000 has long been considered sufficient "other paper" to support removal. *See*, *e.g.*, *Correas v. C.R. Eng.-Global Transp.*, 2014 U.S. Dist. LEXIS 81970, *7, 2014 WL 2737986 (D.N.J. 2014); *Modica v. Home Depot*, 2007 U.S. Dist. LEXIS 30336 *4, 2007 WL 1231793 (D.N.J. Apr. 23, 2007); *Rahwar v. Nootz*, 863 F. Supp. 191, 192 (D.N.J. 1994); and *Lang v. Baker*, 101 N.J. 147, 158, 501 A.2d 153 (N.J. 1985).

19.     Further, the Third Circuit has confirmed that punitive damages must be considered when determining the amount in controversy for jurisdictional purposes. *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007); *Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)

---

[1] Plaintiff's demand package includes photographs of Plaintiff and other personal identifiers of Plaintiff. As such, they are not included in the Notice of Removal.

20.     The allegations of permanent disability in the Complaint, the demand for punitive damages; combined with the seriousness of the alleged injuries as evidenced by Plaintiff's demand package; as well as Plaintiff's actual settlement demand in the amount of $185,000; establish that the amount in controversy exceeds the jurisdictional limit. *Baider v. DDR Corp., No. 17-5802*, 2018 U.S. Dist. LEXIS 22061, 9 (E.D. Pa. Feb. 9, 2018) (holding that a case was ascertainable as one that may be removable based on plaintiff's Complaint alleging severe and potentially permanent injuries, including, the possibility of disabilities and loss of function and plaintiff's Case Management Conference Memorandum demanding $150,000, specifying plaintiff's most serious injuries including a fractured right wrist and a dislocated left thumb.)

21.     This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000 as set forth herein.

22.     Accordingly, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant, Sam's East, Inc., respectfully requests that this State Action be removed from the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey.

Respectfully submitted,
**MCDONNELL & ASSOCIATES, P.C.**

Dated: October 20, 2022          By:     /s/ *Patrick McDonnell*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 026781991
Email: pmcdonnell@mcda-law.com
500 Route 70 West
Cherry Hill, NJ 08002
(T) 856.429.5300 (F) 856.310.7900
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FERDOUSHI HOSSAIN<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC., ABC PROPERTY<br>OWNER, DEF PROPERTY<br>MANAGER, JOHN DOE, MARY DOE,<br>ABC PARTNERSHIPS AND XYZ<br>CORPORATIONS<br>　　　　　　　　Defendants. | CIVIL ACTION<br><br><br>NO.<br><br><br>JURY TRIAL DEMANDED |

### CERTIFICATE OF SERVICE

I, Caroline Koko, Esquire, hereby certify that on October 20, 2022, Defendant's Notice of Removal was filed electronically with the Court and is available for viewing and downloading from the ECF website. The filed document was served via the Court's CM/ECF system and regular mail upon the following:

Dominic R. DePamphilis, Esq.
D'Arcy Johnson Day
3120 Fire Road, Suite 100
Egg Harbor Township, NJ 08234
*Attorneys for Plaintiff*

**MCDONNELL & ASSOCIATES, P.C.**

Dated: October 20, 2022　　　　　By:　　*/s/ Patrick McDonnell*
　　　　　　　　　　　　　　　　　　　　　　Patrick J. McDonnell, Esquire
　　　　　　　　　　　　　　　　　　　　　　Attorney I.D. No. 026781991
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

# EXHIBIT "A"

Dominic R. DePamphilis, Esquire – N.J. Attorney ID No.: 023292008
D'Arcy Johnson Day
3120 Fire Road, Suite 100
Egg Harbor Township, New Jersey 08234
609-641-6200
Attorney for Plaintiff

| | |
|---|---|
| **FERDOUSHI HOSSAIN,**<br><br>Plaintiff<br><br>v.<br><br>**SAM'S EAST, INC., ABC PROPERTY OWNER, DEF PROPERTY MANAGER, JOHN DOE, MARY DOE, ABC PARTNERSHIPS AND XYZ CORPORATIONS,**<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY - LAW DIVISION<br><br>DOCKET NO. ATL-L-<br><br>*A Civil Action*<br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiff Ferdoushi Hossain, residing in Atlantic County, New Jersey, by way of Complaint and Jury Demand says:

## PARTIES

1.      Plaintiff Ferdoushi Hossain is a resident and citizen of the State of New Jersey.

2.      Defendant Sam's East, Inc. is an Arkansas corporation with its principal place of business located at 2101 S.E. 25th Street, Bentonville, Arkansas, 72712.

## FACTS COMMON TO ALL COUNTS

3.      On January 14, 2022, Plaintiff was lawfully on the premises of the parking lot of the Sam's Club (Store No. 8144), located at 1025 Black Horse Pike, Pleasantville, New Jersey 08232.

4.       At all relevant times, the subject commercial premises was owned, operated, managed, maintained, and/or controlled by Defendant Sam's East, Inc.

5.      At the aforesaid place and time, Plaintiff was caused to become injured due to a dangerous condition of the parking lot of the subject commercial premises.

6.      As a result of the aforesaid, Plaintiff suffered injuries requiring medical treatment, was caused pain and suffering, was prevented from pursuing usual activities; and has permanent disabilities that will affect Plaintiff.

## **COUNT ONE**

7.      Plaintiff repeats the allegations of the previous paragraphs as if same were set forth at length herein.

8.      Defendant Sam's East, Inc., through its employees, agents and representatives, was negligent as follows:

(a)      In maintaining a dangerous condition which was negligently designed and built;

(b)      Failing to inspect the areas where Plaintiff became injured prior to the occurrence of the accident;

(c)      In failing to have proper signals or warnings relative to the dangerous condition which caused Plaintiff's accident and resultant injuries; and

(d)      In failing to maintain the areas in question in a safe condition.

9.      The aforesaid accident was caused by the general negligence and carelessness of Defendant Sam's East, Inc., through its employees, agents and representatives.

10.      Defendant Sam's East, Inc., through its employees, agents and representatives created, maintained, and/or adopted the dangerous condition which was the cause of the aforesaid accident.

11.     The aforesaid acts of negligence were a proximate cause of Plaintiff's accident and resultant injuries.

**WHEREFORE** Plaintiff Ferdoushi Hossain demands judgment against Defendant Sam's East, Inc. for compensatory damages, punitive damages, interest, costs of suit, and such other and further relief as the court deems just, jointly, severally, and in the alternative.

## <u>COUNT TWO</u>

*(As against ABC Property Owner, a Fictitiously-Pled Defendant)*

12.     Plaintiff repeats the allegations of the previous Paragraphs as if same were set forth at length herein.

13.     At all relevant times prior to January 14, 2022, Defendant ABC Property Owner owned and controlled the subject commercial premises.

14.     The Defendant designated as ABC Property Owner represents a fictitious and unknown person or entity. Plaintiff alleges an insufficient amount of time has passed within which to determine the identity of Defendant ABC Property Owner. Plaintiff reserves the right to amend the Complaint when and if the identity of Defendant ABC Property Owner becomes known.

15.     All claims made against Defendants are hereby reasserted against ABC Property Owner as if fully set forth at length in this Count.

16.     As a result of the aforesaid negligence of ABC Property Owner, Plaintiff suffered injuries requiring medical treatment, was caused pain and suffering, was prevented from pursuing usual activities; and has permanent disabilities that will affect Plaintiff.

**WHEREFORE** Plaintiff Ferdoushi Hossain demands judgment against Defendant ABC Property Owner for compensatory damages, punitive damages, interest, costs of suit, and such other and further relief as the court deems just, jointly, severally, and in the alternative.

## COUNT THREE

*(As against DEF Property Manager, a Fictitiously-Pled Defendant.)*

17.     Plaintiff repeats the allegations of the previous Paragraphs as if same were set forth at length herein.

18.     At all relevant times prior to January 14, 2022, Defendant DEF Property Manager was acting as the property manager for the subject commercial premises pursuant to an agreement or contract to do so.

19.     The Defendant designated as DEF Property Manager represents a fictitious and unknown person or entity. Plaintiff alleges an insufficient amount of time has passed within which to determine the identity of Defendant DEF Property Manager. Plaintiff reserves the right to amend the Complaint when and if the identity of Defendant DEF Property Manager becomes known.

20.     Pursuant to the terms of the property management agreement or contract, Defendant DEF Property Manager was expected to inspect, maintain, and otherwise oversee the operation of the subject premises for the purpose of discovering and detecting potentially dangerous conditions.

21.     Defendant DEF Property Manager assumed a duty to inspect, maintain, and otherwise oversee the operation of the subject premises for the purpose of discovering and detecting potentially dangerous conditions.

22.     Pursuant to the terms of the aforesaid agreement or contract, Defendant DEF Property Manager was expected to maintain, service, and repair the premises.

23.     Defendant DEF Property Manager assumed a duty to maintain, service, and repair the premises.

24.     The aforesaid duties agreed to or otherwise assumed by Defendant DEF Property Manager included, but were not limited to, the following:

(a)     Discovering dangerous conditions which were negligently designed and built.

(b)     Inspecting the subject premises prior to the occurrence of the accident.

(c)     Ensuring the presence of proper signals or warnings relative to the dangerous condition which caused Plaintiff's injuries.

(d)     Maintaining the subject premises in a safe condition.

25.     Defendant DEF Property Manager negligently performed these duties thereby creating a dangerous condition for Plaintiff.

26.     The aforesaid accident was caused by the general negligence and carelessness of Defendant DEF Property Manager.

27.     Defendant DEF Property Manager created, maintained, and/or adopted the dangerous condition which was the cause of the aforesaid accident.

28.     The aforesaid acts of negligence were proximate causes of Plaintiff's accident and resultant injuries.

**WHEREFORE** Plaintiff Ferdoushi Hossain demands judgment against Defendant DEF Property Manager for compensatory damages, punitive damages, interest, costs of suit, and such other and further relief as the court deems just, jointly, severally, and in the alternative.

## COUNT FOUR

*(As against additional Fictitiously-Pled Defendants.)*

29.     Plaintiff repeats the allegations of the previous Paragraphs as if same were set forth at length herein.

30.     Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other persons or business entities that may be responsible for the causation of the accident. Said persons and business entities have been named as John Doe, Mary Doe, ABC Partnerships and XYZ Corporations. Plaintiff reserves the right to amend the Complaint when and if their identities become known.

31.     All claims made against Defendants are hereby reasserted against John Doe, Mary Doe, ABC Partnerships and XYZ Corporations as if fully set forth at length in this Count.

32.     The aforesaid acts of negligence were a proximate cause of Plaintiff's accident and resultant injuries.

**WHEREFORE** Plaintiff Ferdoushi Hossain demands judgment against John Doe, Mary Doe, ABC Partnerships and XYZ Corporations for compensatory damages, punitive damages, interest, costs of suit, and such other and further relief as the court deems just, jointly, severally, and in the alternative.

## JURY DEMAND

Plaintiff demands a jury trial.

## NOTICE OF TRIAL COUNSEL

Dominic R. DePamphilis, Esquire is designated as Trial Counsel pursuant to Rule 4:25-4.

D'ARCY JOHNSON DAY

BY:_____

DATED:  September 14, 2022            Dominic R. DePamphilis, Esquire


## CERTIFICATION

I, Dominic R. DePamphilis, Esquire, of full age, certifies:

1.      I am a member of the firm of D'Arcy Johnson Day and am entrusted with the preparation and trial of this case.

2.      This case is not subject to any other court action or arbitration proceeding.

3.      Confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

D'ARCY JOHNSON DAY

BY:_____

DATED:  September 14, 2022            Dominic R. DePamphilis, Esquire

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-002526-22

**Case Caption:** HOSSAIN FERDOUSHI  VS SAM'S EAST, INC.

**Case Initiation Date:** 09/14/2022

**Attorney Name:** DOMINIC ROMAN DE PAMPHILIS

**Firm Name:** D'ARCY JOHNSON DAY

**Address:** 3120 FIRE ROAD STE 100

EGG HARBOR TWSP NJ 08234

**Phone:** 6096416200

**Name of Party:** PLAINTIFF : Hossain, Ferdoushi

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Ferdoushi Hossain? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/14/2022

Dated

/s/ DOMINIC ROMAN DE PAMPHILIS

Signed

# EXHIBIT "B"

Dominic R. DePamphilis, Esquire – N.J. Attorney ID No.: 023292008
D'Arcy Johnson Day
3120 Fire Road, Suite 100
Egg Harbor Township, New Jersey 08234
609-641-6200
Attorney for Plaintiff



Process Server/Sheriff

SEP 2 2 2022

SERVED

| | |
|---|---|
| **FERDOUSHI HOSSAIN,** | SUPERIOR COURT OF NEW JERSEY |
| | ATLANTIC COUNTY-LAW DIVISION |
| **Plaintiff** | |
| | DOCKET NUMBER: ATL-L-2526-22 |
| **v.** | |
| | *Civil Action* |
| **SAM'S EAST, INC., ABC PROPERTY** | |
| **OWNER, DEF PROPERTY MANAGER,** | |
| **JOHN DOE, MARY DOE, ABC** | **SUMMONS** |
| **PARTNERSHIPS AND XYZ** | |
| **CORPORATIONS,** | |
| | |
| **Defendants.** | |

## FROM THE STATE OF NEW JERSEY TO THE DEFENDANT(S) NAMED ABOVE:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within **thirty five (35) days** from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the superior Court, Hughes Justice Complex, P.O. Box 971 [CN-971], Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within **35 days**, the court may enter a Judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Michelle M. Smith*

**MICHELLE M. SMITH**
Clerk of the Superior Court

Dated: September 15, 2022

Name of Defendant to Be Served:        Sam's East, Inc.

Address of Defendant to Be Served:     2102 S.E. 25th Street
                                       Bentonville, AR 72712

2

# EXHIBIT "C"

OFFICIAL SITE OF THE STATE OF NEW JERSEY

Translate | Search 🔍

❮ Voter Search | My Voter Information

# Search Results

If you're having trouble finding your voter record, your current status is Inactive, or you have any questions, please contact your County Commissioner of Registration here.

**FERDOUSHI X HOSSAIN**

**Date of Birth**

██████ ░░░░░░

**Registration Effective Date**
09/06/2002

**Current Registration Status**
Active

**City**
Galloway Township

**County**
Atlantic

**Voter ID**
██████ ░░░░░░░

# Department of State

## Office of the Secretary

About the Secretary

Invite the Secretary

The Secretary in the Community

NJ Census 2020

NJ Complete Count Commission

NJ Ballot Bowl

Vote for Valor

## Department of State Home

Directory

Schedule

Grant Information

NJ Flag Status

Press Releases

Commemorative Dates

Pay-to-Play Ordinances

Certified Civil Celebrants

Will Registry

Employment Opportunities

Statutes & Rules

Proposed Rules

Reports

Request for Proposals

e-Notification Lists

## Business & Economic Development

Business Action Center

Business Advocates

Small Business Advocates

Office of Export Promotion

Planning Advocates

Travel & Tourism

Motion Picture and Television Commission

Non-Profit Portal

## Civic Engagement

Division of Elections

Voter Registration & Voting

NJ Census 2020

NJ Complete Count Commission

Volunteer and National Service

AmeriCorps

Senior Corps

Center for Hispanic Policy, Research and Development

Office of Faith Based Initiatives

## Arts & Culture

NJ State Museum

NJ Council on the Arts

NJ State Archives

NJ Historical Commission

NJ Cultural Trust

Patriots Theater

Martin Luther King, Jr. Commemorative Commission

Commission on American Indian Affairs

Israel Commission

Cultural Heritage Commissions

## Statewide

Governor Phil Murphy

Lt. Governor Sheila Oliver

NJ Home

Services A to Z

Departments/Agencies

FAQs

Contact Us

Privacy Notice

Legal Statement & Disclaimers

Accessibility Statement







Copyright © NJ Department of State, 2001- 2022

NJ Division of Elections

Mailing Address

NJ Division of Elections, P.O. Box 304, Trenton, NJ 08625-0304

Office Address

20 West State Street, 4th Floor, Trenton, NJ 08608

Tel: 609-292-3760 Fax: 609-777-1280 Email: Feedback@sos.nj.gov

Voting Information & Assistance

1-877-NJ-VOTER (1-877-658-6837)

TTY/TDD 609-292-0034

This site is maintained by New Jersey Department of State

# EXHIBIT "D"

141.311

**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
NJ Attorney ID: 026781991
Email: pmcdonnell@mcda-law.com
By: Caroline Koko, Esquire
NJ Attorney ID: 301962019
Email: ckoko@mcda-law.com
500 Marlton Pike West
Cherry Hill, NJ 08002
Telephone: (856) 429-5300
Facsimile: (856) 310-7900

| | |
|---|---|
| FERDOUSHI HOSSAIN,<br><br>Plaintiff,<br><br>vs.<br><br>SAM'S EAST, INC., ABC PROPERTY OWNER, DEF PROPERTY MANAGER, JOHN DOE, MARY DOE, ABC PARTNERSHIPS, AND XYZ CORPORATIONS,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY<br><br>DOCKET NO.: ATL-L-002526-22<br>*Civil Action* |

Pursuant to R. 4:5-2, Plaintiff demands damages in the following amount from Defendants:

$ __185,000.00__

**D'ARCY JOHNSON DAY**

Dated: 10/13/22                    By: _____
Dominic R. DePamphilis, Esquire
*Attorneys for Plaintiff*